UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL LAURENCIO,

Petitioner,

v. Case No.: 2:26-cv-01630-SPC-NPM

WARDEN, SOUTH FLORIDA DETENTION CENTER *et al*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Miguel Laurencio's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).

Laurencio is a native of Cuba who entered the United States on March 12, 2002, and later became a lawful permanent resident. Following several convictions, an immigration judge ordered Laurencio removed to Cuba on October 5, 2010. Immigration and Customs Enforcement ("ICE") detained Laurencio from September 20, 2010, to October 14, 2010, when it released him on an order of supervision.

On January 6, 2026, local police arrested Laurencio, and ICE issued an immigration detainer. On March 21, 2026, ICE revoked the order of supervision and took custody of Laurencio to execute the removal order. Laurencio argues his detention is unlawful because removal is not likely in the reasonably foreseeable future.

Before addressing the merits of Laurencio's claim, the Court must address its jurisdiction. The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first points to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Laurencio does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Laurencio challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Laurencio's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

The Court turns to Laurencio's habeas claim. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the

person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Laurencio carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove Laurencio in 2010, and no change in circumstances makes removal more likely now. The burden shifts to the respondents, but they make no attempt at rebuttal. The Court finds no reasonably likelihood Laurencio will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Laurencio's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Miguel Laurencio's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Laurencio poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Laurencio may file a reply within three days of the supplemental response.
4. Because ICE does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on September 21, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties of Record